OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about March 7, 2010, affirmed, with $25 costs.
We reject tenant’s contention that a prior holdover proceeding commenced by one of the other owners of the premises to recover the subject apartment for that other owner’s personal use constitutes a bar to this proceeding (see Michel v Chumbley, NYLJ, Mar. 17, 1986, at 14, col 5 [App Term, 1st Dept]). Moreover, the dismissal of an owner-occupancy holdover summary proceeding on the merits does not preclude a subsequent proceeding where, as here, there has been a change in circumstances (see Monacelli v Farrington, NYLJ, Apr. 10, 1996, at 25, col 1 [App Term, 1st Dept], affd 240 AD2d 296 [1997]). We note that tenant does not contest Civil Court’s factual finding that landlord Kucera intended in good faith to recover the apartment for personal use as his primary residence.
Schoenfeld, J.P, Shulman and Hunter, Jr., JJ., concur.